## FRANCESCHI *v.* VAILLANT.

### APPEAL from the District Court of Ponce.

No. 510.—Decided March 20, 1911.

BUSINESS TRANSACTION BY AGENT ON COMMISSION—RESPONSIBILITY OF AGENT WITH RESPECT TO PRINCIPAL.—Where an agent follows the instructions of his principal in transacting business for him on a commission basis, he will be relieved of all responsibility with respect to his principal.

ID.—DUTY OF PRINCIPAL.—A principal must pay his agent, upon presentation by the latter of an account supported by vouchers, the amount of expenses and disbursements, with legal interest from the date on which the same were incurred until fully satisfied.

APPEAL.—Errors which do not affect the substantial rights of parties do not constitute ground for the reversal of the judgment appealed from.

The facts are stated in the opinion.

*Mr. Julio M. Padilla* for appellant.

*Mr. Francisco Parra* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On November 19, 1908, Cándido José Franceschi filed a complaint in the District Court for the Judicial District of Ponce against Felipe Vaillant, praying that, after the legal proceedings had been duly had, judgment be rendered requiring the defendant to pay to the plaintiff the sum of $800, together with legal interest from July, 1907, until the amount should be fully paid, and in addition to pay him $600 as indemnity for damages, and that the costs of the action be taxed against the defendant.

The plaintiff alleges the following facts in support of his complaint:

1. That about the end of July of the year 1907 the defendant, a commission agent with an office at Playa Ponce, undertook to order immediately a merry-go-round from a

factory in New York, to be delivered to the plaintiff within the usual time, which is three months, for the price agreed upon of $700 and $100 to cover other expenses.

2. That the two amounts aforesaid, making a total of $800, were placed by the plaintiff at the disposal of the defendant during the said month of July.

3. That the defendant did not deliver the merry-go-round to the plaintiff nor return to him the $800 received, thereby causing him damage not only in the loss of the legal interest on the amount aforesaid from the date upon which it was received by defendant until the date it should be paid, but also the loss of $600 profit which plaintiff could have obtained by operating the merry-go-round as a public amusement, thereby earning $50 a month for 12 months.

In answering the complaint defendant alleged by way of defense that by order and for the account of the plaintiff, Franceschi, he had brought a civil action in a competent court in the city of New York against one A. Obregón, the representative in that city of a factory manufacturing hand-power galleries, to compel him to deliver one of the said devices which the defendant, by order of the plaintiff, had ordered from the said representative during the month of July, 1907, or that, failing to so deliver the said device, he return to defendant the sum of $800 which plaintiff had delivered to defendant, and directed him to remit the same by draft to Obregón for the purpose above indicated, which defendant did. The civil action brought as aforesaid is still pending decision.

As his second defense the defendant denied the facts alleged in the complaint under paragraphs numbers 1 and 3, and admitted allegation number 2, explaining that the amount of $800 was delivered by plaintiff to be sent to the said A. Obregón of New York, and was so sent on July 23, 1907, by draft drawn by Messrs. Ramón Cortada & Co., Successors, against Kountze Brothers, bankers of New York.

At the same time the defendant filed a cross-complaint

praying that plaintiff be adjudged to pay him the sum of $150.95, with legal interest from the date on which the said sum was disbursed.

The fundamental facts alleged in the cross-complaint are as follows:

1. That about the month of July, 1907, the plaintiff sought to obtain the services of defendant, who is a commission agent with an office at Playa Ponce, to order from one A. Obregón, the New York representative of a factory manufacturing merry-go-rounds, one of said devices, the price of which was $700, as before fixed by Obregón, with whom plaintiff had been in correspondence, the said Obregón being absolutely unknown to defendant.

2. That defendant undertook to send the order through his agency and to unload and deliver the said device in case it were shipped to this Island, and plaintiff delivered to defendant, to be sent to Obregón, the sum of $800, $700 being the price of the merry-go-round and $100 to cover expenses, which amount was sent by draft, as hereinbefore stated.

3. That Obregón, having failed to fill the order sent him, the plaintiff directed the defendant to bring an action against Obregón through his attorneys in New York to compel him either to deliver the merry-go-round ordered or to return the amount of the draft, the expenses of the litigation being for account of Franceschi; and in compliance with this order the action was brought in the proper court and is still pending decision therein.

4. That on account of this transaction defendant has disbursed money for the plaintiff (commission on draft, cable, power of attorney, lawyers) and commission charges amounting to $156.95, which the plaintiff has not paid, nor any part thereof.

To defendant's answer plaintiff demurred on the ground that the first and second defenses set up therein do not state facts sufficient to constitute a defense to the complaint, and

that the second defense, in the portion relating to the second allegation of the complaint, is doubtful.

In regard to the cross-complaint, the plaintiff alleged that it did not state facts sufficient to constitute a cause of action, and that the last allegation therein contained is doubtful, for the reason that it does not state whether the sum of $156 demanded includes only commission charges or whether it covers the other disbursements therein mentioned.

The demurrers to the answer and to the cross-complaint were dismissed by an order of the court dated February 24, 1909, and then Cándido José Franceschi, in answering the cross-complaint, denied each and every one of the allegations therein contained.

After the trial the court rendered its judgment on September 17, 1909, which was entered on October 27 following, the adjudging portion thereof reading as follows:

"And therefore, should dismiss, and does dismiss, the complaint and sustains the cross-complaint, and in consequence thereof orders that defendant herein, Felipe Vaillant, shall recover from plaintiff, Cándido José Franceschi, the sum of $74 demanded by Vaillant to reimburse him the amount of the disbursements made in connection with the transaction of the business between them and involved in this litigation relative to the purchase of a merry-go-round, as desired by the plaintiff, Franceschi, and the efforts of the defendant, Vaillant, to secure restitution of the sum heretofore paid or else the delivery of the merry-go-round ordered; and, if necessary, execution shall issue for the enforcement of this judgment and the payment of the costs of this suit without further formality, the said costs therein to be taxed against the plaintiff, Franceschi."

From this judgment the plaintiff took an appeal to this Supreme Court, alleging as the grounds therefor that the court erred in dismissing the complaint, thereby violating the provisions of section 264 of the Code of Commerce, which it should have applied and did not apply to the present case in disregarding the preponderance of the evidence in favor of the plaintiff; and that it also erred in sustaining the cross-complaint without the cross-complainant proving the allega-

tions therein made, thus violating the legal principle of *actore non probante, absolvitur reus.*

We do not find that article 264 of the Code of Commerce was violated.

The allegations of both parties taken together, with the findings on the evidence, show that Cándido José Franceschi delivered to Felipe Vaillant the sum of $800, $700 to pay for the price of the merry-go-round which the latter undertook to order for account of the former from New York, and $100 in addition to cover the expenses, and the said amount was received by Vaillant in the month of July, 1907, he remitting a draft on New York for $800 which was there received by A. Obregón, from whom the said merry-go-round was ordered and who failed to fill the said order notwithstanding the fact that he had received the money.

That the merry-go-round was to be ordered by Vaillant from Obregón, the said Vaillant not being allowed to order the same from any other person, and that Vaillant received the $800 to be forwarded immediately to Obregón as payment in advance for the device ordered appears duly proved by the testimony of the said Vaillant and of his clerk, Domingo Marrero, although Franceschi affirmed in his testimony that he did not indicate to Vaillant the person from whom the same should be ordered, nor direct him to forward the money to any particular person whatsoever, but that he merely delivered the said amount to him to be sent with the order. The testimony of Vaillant and Marrero is corroborated by the contents of the letter addressed by Vaillant to Obregón under date of July 23, 1907, ordering the merry-go-round in the name of Franceschi, and enclosing a draft in his favor for the sum of $800 to cover the price of the machine, in which letter reference is made by Vaillant to another letter of June 29 written by Obregón to Franceschi offering him a merry-go-round for $700, according to the cut or design accompanying the letter. To the letter written by Vaillant to Obregón must be added another letter written by

Vaillant under date of October 26, 1908, to his agents in New York, Melchior, Armstrong & Dessau, which contains the following paragraph: "For your information in regard to the Obregón matter in controversy, I would say that Mr. Franceschi has a letter from the factory represented by Mr. Obregón wherein, upon sending the order, they reply that he should direct all communications to their representative."

In view of these letters and to the testimony of Vaillant and Marrero it cannot be maintained, as attempted by the appellant, that article 264 of the Code of Commerce has been violated. Said article reads as follows:

"An agent who, having received funds to discharge a commission, invests them in or uses them for a purpose other than that of the commission, shall pay the constituent the principal and its legal interest, and shall be liable from the date on which he received the same, for the loss and damage caused by reason of noncompliance with the commission, without prejudice to the criminal action which may be proper."

The agent, Vaillant, disposed of the $800 delivered to him by Franceschi in the manner directed by the latter when he forwarded that sum to Obregón to pay the price and expenses of the merry-go-round which he was ordering in the name of Franceschi, and, in availing himself of the services of Obregón to carry out the order and in forwarding him the $800, he was acting under the direction of Franceschi, as appears from the evidence; wherefore, in addition to the fact that the said article of the Code of Commerce has not been violated, the trial court has duly applied the provisions of article 254 of the said code, according to which an agent who, in the discharge of his commission acts in accordance with the instructions received from the principal, shall be exempted from all liability to the same.

As to the error which it is alleged the trial court committed in sustaining the cross-complaint by reason of the fact that the allegations therein contained had not been proved, it appears from the evidence that Franceschi,

in a letter dated March 7, 1908, requested Vaillant to countermand the order for the merry-go-round, as he had indicated to him in a previous letter, and to take the necessary steps to secure the return of the sum of $800 paid in advance; that for the purpose of recovering the said amount Vaillant sent to Messrs. Melchior, Armstrong & Dessau a draft upon Obregón which was protested for nonpayment, as Vaillant advised Franceschi in a letter dated July 20, 1908; that on September 4 of the same year Vaillant wrote Franceschi advising him that, as he was already aware, Melchior, Armstrong & Dessau, of New York, had been directed to file an action through their lawyers against Obregón and that a letter had been received from them enclosing a copy of a communication from their said attorneys demanding $50 before commencing the litigation, as also a request for copies of the letters from Obregón and their translation into English, which translations were ready to be sent by the next mail and cost $20; that as testified by Vaillant he sent the $50 to the lawyers, with the consent of Franceschi, to pay for commencing the action to be brought against Obregón; that he paid the notary, Gustavo Rodríguez, $5 to draw a power of attorney, and $19 or $20 to Mr. Lee for the translation of the letters; and that Rodríguez and Lee, having been examined, they confirmed the statements made by Vaillant.

From the evidence hereinbefore set out it appears that Vaillant disbursed for account of Franceschi $50 for attorney's fees, $5 for notarial fees, and $19 for the translation of letters, which items made a total of $74 which Franceschi is adjudged to pay by virtue of the cross-complaint filed by the defendant.

According to the provisions of article 278 of the Code of Commerce the principal shall be obliged to pay the agent, after receiving a proper account, for his expenses and disbursements, with legal interest from the day on which they were made until they shall have been fully paid.

It is true that no account supported by vouchers covering

these expenses has been rendered by the agent to his principal; but the absence of such an account has been supplied by the evidence introduced at the trial without objection on the part of the plaintiff, and from this evidence it appears that the plaintiff is obliged to pay the defendant the amount awarded in the judgment of the trial court.

It has also been alleged in support of the appeal that the court erred in making the order of February 24, 1909, dismissing the demurrer to the answer and the cross-complaint; but this error, if in reality it was committed, does not affect the substantial rights of the plaintiff, as appears from the evidence, and therefore it is unnecessary to discuss the same since this court would not on that account be warranted in reversing the judgment, according to the provisions of section 142 of the Code of Civil Procedure.

For the reasons above set forth we are of the opinion that the judgment appealed from should be affirmed.

*Affirmed.*

Justices Wolf and del Toro concurred.

Justices MacLeary and Aldrey did not take part in the decision of this case.